JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY R. FINIGAN (CASBN 168285)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7232
Facsimile: (415) 436-7234
Email: jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>BOBBIE LEON PREE, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. CR 08-0657 MHP<br><br>**ORDER RE DETENTION PENDING TRIAL** |

The above-captioned matter came before the Court on December 3, 2008, for detention hearing. Defendant Pree was represented by Claire Leary, Esq., and the government was represented by Jeffrey Finigan, Assistant United States Attorney. Both parties proceeded by proffer and Mr. Pree made unsworn statements. Prior to the hearing the Court and parties reviewed the Pretrial Services report.

The government recommended detention on the grounds of both danger to the community and flight risk. Pretrial Services also recommended detention on these grounds.

1  Defendant opposed detention.

2      The Bail Reform Act of 1984, 18 U.S.C. § 3142(g), sets forth four factors which the
3  Court must consider in determining whether pretrial detention is warranted:
4      (1)  the nature and seriousness of the offense charged;
5      (2)  the weight of the evidence against the person;
6      (3)  the history and characteristics of the person including, inter alia, character,
7      employment, family, and criminal history; and
8      (4)  the nature and seriousness of the danger to any person or the community that would
9      be posed by the person's release.

10     The Court considered the parties' proffers, the pretrial services report, and Mr. Pree's
11 statements.  The Court concluded, based on the evidence at the hearing, that there is no condition
12 or combination of conditions set forth in 18 U.S.C. § 3142 that will reasonably assure
13 Defendant's appearance and the safety of the community.  The Court's decision was based on,
14 among other factors set forth during the hearing, Defendant's lengthy criminal history as set
15 forth in the pretrial services report (including five (5) felony convictions and three (3)
16 misdemeanor convictions), the evidence that Defendant has not previously been amenable to out-
17 of-custody supervision in the form of probation and parole as parole and probation have been
18 modified (to include incarceration) or revoked on 16 occasions, Defendant's use of multiple
19 aliases in the past, the fact that the underlying crimes involved identity theft and occurred while
20 Defendant was on parole, the fact that Defendant's current situation regarding employment is
21 unstable, and the fact that Defendant tendered no viable or adequate surety or security.  The only
22 proposed surety is a girlfriend with whom he has had a relationship for just several months and
23 who has no financial assets.

24     The Court finds, for all the reasons adduced at the hearing, and including those set forth
25 above, that the government met its burden of establishing by a preponderance of the evidence
26 that Defendant poses a serious risk of flight and its burden of establishing by clear and
27 convincing evidence that no condition or combination of conditions will reasonably assure the
28 safety of the community.

ORDER RE DETENTION
CR 08-0657 MHP                        2

1   This Order supplements the Court's findings announced from the bench and serves as
2   written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). This
3   ruling is without prejudice to Defendant's proposing a different set of release conditions or
4   coming forward with further information bearing on his fitness to be released pending a
5   resolution of this matter.  Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

6    (1)    Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

9    (2)    Defendant be afforded reasonable opportunity for private consultation with his counsel; and

11    (3)    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

17   DATED: December 9, 2008

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

ORDER RE DETENTION
CR 08-0657 MHP                              3